hSHORTESS, J.,
dissenting.
Morrissey v. Brewer[1] and Louisiana Code of Criminal Procedure article 899(E) both require a pre-revocation hearing within a reasonable time after arrest to determine if there is probable cause to detain a parolee pending a final hearing. The majority finds that Lay’s allegedly involuntary waiver of this due-process right was acceptable.[2] I disagree.
If due process requires that “some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available,”[3] deferring that hearing for what may be several years while the criminal case wends its way through the criminal trial and appellate process would seem to defeat the purpose of the hearing. While deferral of the final hearing is appropriate, deferral of the preliminary hearing is not a reasonable exercise of the Board’s administrative powers. Even though Lay agreed to the deferment, it was a violation of procedural due process to even give Lay that option.
I respectfully dissent.

. 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

. The majority quotes dicta from a dissent by Justice Stevens in Moody v. Daggett, 429 U.S. 78, 96 n. 12, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Justice Stevens’s dissent actually supports the opinion set forth in this dissent. Justice Stevens states:
[A] prolonged delay will inevitably change the character of the revocation hearing. If unlimited delay is permitted, the procedural safeguards which were fashioned in Morris-sey to assure the parolee a fair opportunity to [present] facts in mitigation and to challenge the government’s assertions will have become meaningless. Delay will therefore violate the "fundamental requirement of due process” — "the opportunity to be heard 'at a meaningful time and in a meaningful manner.” ' 429 U.S. at 95[, 97 S.Ct. 274],

.Morrissey, 408 U.S. at 485, 92 S.Ct. 2593.